

# The Attorney General of Texas

December 22, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jim Mapel
Criminal District Attorney
Brazoria County Courthouse
Angleton, Texas   77515

Opinion No. MW-417

Re:   Application   of   Open
Meetings Law to joint execu-
tive session of two political
subdivisions

Dear Mr. Mapel:

You have requested our opinion regarding the applicability of the Open Meetings Act, article 6252-17, V.T.C.S., to a joint executive session of two political subdivisions. You state that in May and June 1981, the governing bodies of the Brazos River Harbor Navigation District and the city of Quintana met jointly to discuss the formation of an industrial district, and, in connection therewith, the annexation and deannexation of certain land. The respective bodies each posted notice of their individual meetings and then retired to a joint executive session. A quorum of each body was present at the joint meeting. You ask:

> 1. Can the governing bodies of two political subdivisions discuss the formation of an industrial district which would involve the deannexation of lands owned by one of the subdivisions in a joint executive session?

> 2. Can the governing bodies of two political subdivisions discuss the annexation by one subdivision of land owned by or under the control of the other?

> 3. Does the annexation or deannexation of land amount to a 'land acquisition' and therefore qualify as an exemption under the Texas Open Meetings Law?

From the facts you have described, it would appear that the Open Meetings Act was applicable to the joint meetings, since a quorum of each body was present. See Attorney General Opinion MW-28 (1979). Section 2(a) of the statute makes every "regular, special, or called meeting or session" open to the public "except as otherwise provided

in this Act or specifically permitted in the Constitution." The only exception listed in section 2 which might be applicable to the situation you have described is section 2(f), which provides:

> The public may be excluded from that portion of a meeting during which a discussion is had with respect to the purchase, exchange, lease, or value of real property, negotiated contracts for prospective gifts or donations to the state or the governmental body, when such discussion would have a detrimental effect on the negotiating position of the governmental body as between such body and a third person, firm or corporation.

It does not appear that a discussion of the formation of an industrial district or the annexation or deannexation of land could reasonably be construed to constitute a discussion of "the purchase, exchange, lease, or value of real property." We need not decide this issue, however, because you have not indicated how public discussion of the described matters would have a detrimental effect on either governmental body's negotiating position with respect to a third party. As a result, the Brazos River Harbor Navigation District and the city of Quintana were not authorized to meet jointly in executive session, under the circumstances you have indicated, on the basis of section 2(f).

A brief from the city of Quintana suggests that the litigation exception authorized the district and town to meet in executive session, since the discussions were intended to avoid litigation between them. Section 2(e) of article 6252-17, V.T.C.S., provides as follows:

> (e)    Private consultations between a governmental body and its attorney are not permitted except in those instances in which the body seeks the attorney's advice with respect to pending or contemplated litigation, settlement offers, and matters where the duty of a public body's counsel to his client, pursuant to the Code of Professional Responsibility of the State Bar of Texas, clearly conflicts with this Act.

This provision gives public bodies a right to privileged communication on litigation with their counsel and it also recognizes that the Code of Professional Responsibility would under some circumstances prohibit an attorney from consulting publicly with his client. Attorney General Opinion M-1261 (1972), see Code of Professional Responsibility, Canon 4.

In the present case, the two political subdivisions contemplated suing one another. Neither party consulted privately with its attorney but did so in the presence of its potential adversary, the

party from whom it would normally conceal its intentions and strategy. We do not believe section 2(e) applies to this discussion. It may not be invoked on these facts to exclude the public from the discussion.

## S U M M A R Y

The Brazos River Harbor Navigation District and the city of Quintana were not authorized to meet jointly in executive session, under the circumstances described, on the basis of section 2(e), 2(f), or any other exception to the Open Meetings Act, article 6252-17, V.T.C.S., for the purpose of discussing the formation of an industrial district, and, in connection therewith, the annexation and deannexation of certain land.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Bruce Youngblood